SARTAIN, Judge.
William Hale Grant (appellee) filed a motion to have The Family Court for the Parish of East Baton Rouge fix and define a schedule whereby appellee could visit with his minor child. Aliene Hopwood Grant (appellant) now appeals from a judgment of the district court which fixed the visitation schedule as follows, to-wit:
“(a.) One (1) weekend of each calendar month beginning at 6:00 o’clock p. m. Friday evening and extending through 6:00 o’clock p. m. on the following Sunday evening; and
(b.) One (1) additional weekend, not to include Christmas Day, preferably the last weekend in the month of December, in order that mover may enjoy the Christmas Season with his child, said weekend to be from 6:00 o’clock p. m. on Friday through 6:00 o’clock p. m. on the following Sunday; and
(c.) A two (2) week period during the months of June, July and August of each year to coincide with mover’s vacation;
said period of visitation as shown in (a.) above to be exercised in the City of Baton Rouge, Louisiana, and those shown in (b.) and (c.) above to be exercised in or away from the City of Baton Rouge and at any place as the mover, at his sole discretion sees fit. The foregoing rights of visitation are subject to and conditioned upon the following: (1) That William Hale Grant give to Aliene Hop-wood Grant fourteen (14) days written notice of his intention to exercise any of said visitation privileges; (2) All visitation privileges to be exercised in the presence of and in the company of Mr. Grant’s present wife; (3) Visitation privileges are not to be accumulative and; (4) William Hale Grant will refrain from the consumption of any alcoholic beverages during such visitations with his minor daughter.”
Appellant contends that Mr. Grant, by virtue of his previous conduct, has forfeited his right to visit with his minor child. Appellant further contends that the visitation schedule fixed by the trial judge failed to take into consideration the age and sex of the child and further that the said schedule constituted divided custody which is prohibited by the jurisprudence of this state.
Appellant has cited ample authority for the aforementioned rules. However, we *413 are of the opinion that the facts of this case do not fall within the cases cited by her and that the judgment of the trial court is fair and reasonable under the circumstances and should be affirmed.
The record reflects that Mrs. Grant obtained a judgment of separation from Mr. Grant on July IS, 1966 on the grounds of cruel treatment, consisting primarily of habitual intemperance and other excesses. She was awarded the custody of their minor child, Lisa Annette Grant, subject to the right of reasonable visitation by Mr. Grant.
On November 17, 1967 Mrs. Grant obtained a judgment of divorce on the grounds that a year had lapsed since she had obtained a judgment of separation. She was awarded the custody of the minor child, subject again to the right of reasonable visitation by Mr. Grant.
The child who is the- issue of the marriage between these parties and the subject of this controversy was born on October IS, 1959. At the time of the hearing on the rule to fix visitation she was nine years of age.
The testimony offered by Mrs. Grant in opposing any visitation by Mr. Grant with his daughter consisted entirely of conduct engaged in by Mr. Grant between the years of 1960 to their separation in 1966. We see no reason to detail this testimony nor to question the veracity and truthfulness of the witnesses who so testified. During the last several years of this couple’s married life, Mr. Grant did drink excessively and acted in a harsh and cruel manner towards Mrs. Grant and in the presence of her children by a previous marriage.
Shortly after the separation suit was filed in June of 1966, Mr. Grant moved to Joplin, Missouri, where he was reared and his parents reside. Mr. Grant testified that for approximately two years after he left Baton Rouge he exerted every effort on his part to re-establish himself and that he had not endeavored to exercise visitation rights with his child though he had written her on several occasions. This present action was initiated when he and the mother of the child could not agree upon a visitation plan.
The record clearly reflects that Mr. Grant went to work for an insurance brokerage concern in Joplin, Missouri and as of the date of the hearing had been gainfully employed as an insurance broker for a year and a half. He remarried on November 22, 1967. Testifying on his behalf was his present wife who stated that since their marriage Mr. Grant, had only consumed alcoholic beverages on social occasions and then not to excess. She stated that he was a good husband to her and stepfather to her fourteen year old son who resided with them. Also testifying on behalf of Mr. Grant were Mr. and Mrs. Gene Dooley. Mrs. Dooley is a secretary in the office where Mr. Grant works. Mr. Dooley is also employed in the same office. Both stated that they had worked with Mr. Grant for the past year and a half, saw him regularly during the work week and socially with his wife on weekends. Neither of these witnesses had ever observed any improper conduct on the part of Mr. Grant and did not know of any previous drinking problem of appellee.
Thus we see a situation where for several years prior to the separation between Mr. Grant and his first wife, the conduct of Mr. Grant would have been such as to have questioned his ability to properly visit with his young daughter.
However, for at least two years following his separation from his first wife, Mr. Grant has lived a normal, productive, and respectable life. It is under these latter circumstances that the trial judge determined that Mr. Grant was entitled to the visitation schedule prescribed in the judgment. The limitations of this visitation, such as being exercised in the presence of his present wife, monthly visitation in Baton Rouge, and the abstinence of consumption of any alcoholic beverages while exercising visitation are not objected to by Mr. Grant.
*414 We are of the opinion that the visitation schedule properly takes into consideration the age and sex of the child, the present condition and circumstances of the father, with reasonable and appropriate safeguards. If for any reason these conditions are not adhered to by him or the schedule as fixed does not prove to be in the best interest of the child the door is always open for a reexamination of the then existing circumstances and proper modification of the schedule may be made.
Accordingly, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.